UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMERICAN CONSOLIDATED INDUSTRIES, INC., *et al.*, | ) ) ) Case No. 1:19-cv-137 ) |
| Plaintiffs, | ) Judge J. Philip Calabrese ) |
| v. | ) ) |
| CHAD BLASINGIM, *et al.*, | ) ) |
| Defendants. | ) ) ) |
| MONARCH STEEL COMPANY, INC., | ) ) ) Case No. 5:17-cv-2253 |
| Plaintiff, | ) ) Judge J. Philip Calabrese |
| v. | ) ) ) |
| JAMES MCCRACKEN, *et al.*, | ) ) |
| Defendants. | ) ) ) |

## ORDER

After consultation with parties, the Special Master filed a Report and Recommendation for a briefing schedule and process for forthcoming upcoming motions for summary judgment. (*Blasingim*, ECF No. 263; *McCracken*, ECF No. 131.) To address concerns about confidentiality, the Special Master recommends that the parties file their forthcoming motions and related briefs under seal provisionally, pending a short period for review for any appropriate redactions. For the following reasons, the Court **ADOPTS** the proposal to allow parties to file the briefs provisionally under seal.

## LEGAL STANDARD

In *Shane Group Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016), the Sixth Circuit directed district courts, when sealing material on the public docket, independently to assess and set forth specific findings regarding whether nondisclosure of certain information is warranted. In doing so, the Sixth Circuit distinguished between discovery, which is typically governed by a protective order, and adjudicatory information or documents, which are entered into the court record and are presumptively open to the public. By their nature, adjudicatory records typically concern the issues in dispute and draw a strong public interest about "whether a right does or does not exist, or a statute is or is not constitutional" or sometimes about "the conduct giving rise to the case." *Shane Grp.*, 825 F.3d at 305. In each instance, "the public has an interest in ascertaining what evidence and records" a court relies on in reaching its decision. *Id.*

A district court's decision to seal adjudicatory court records is reviewed for an abuse of discretion. *Klingenberg v. Federal Home Loan Mortg. Co.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp.*, 825 F.3d at 306). But in the sealing context, "the district court's decision is not accorded the deference that standard normally brings." *Id.* To exercise its discretion properly, district courts must "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

This independent obligation exists regardless of any agreement or disagreement among the parties about sealing the records at issue. *See Rudd Equip.*

2

*Co v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016). District courts must weigh, on the one hand, the parties' interest in keeping information confidential, and on the other, the public's strong interest in "obtaining the information contained in the court record." *Shane Grp.*, 825 F.3d at 305 (citation and quotation omitted). "The courts have long recognized . . . 'a strong presumption in favor of openness' to court records." *Id.* (quoting *Brown & Williamson*, 701 F.2d at 1179).

Overcoming this burden is "a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The greater the public interest, the greater the burden to justify sealing. *See id.* In civil litigation, the most common categories of information that overcome this burden include "trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to remain in confidence (such as the name of a minor victim of a sexual assault)." *Id.* at 308.

To demonstrate that sealing is necessary, the party seeking confidentiality must "analyze, in detail, document by document, the propriety of secrecy, providing reasons and legal citations" that support sealing. *Id.* at 305–06 (citation and quotation omitted). Therefore, it is incumbent on the Court to review each document and the legal rationales that the parties offer, and "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176).

3

ANALYSIS

The Special Master recommends that the parties file their forthcoming motions for summary judgment and related briefs under seal provisionally, in the interest of judicial economy. As an initial matter, the motions are adjudicatory in nature, making them presumptively open to the public in all but the narrowest of circumstances. Recognizing as much, the Special Master seeks to allow parties to file their motions under seal only temporarily, allowing the parties ten days to confer and redact information they view as confidential. (*Blasingim*, ECF No. 263, PageID #11587–88; *McCracken*, ECF No. 131, PageID #5366–67.) Because of the substantial public interest in the "openness' to court records," *Shane Grp.*, 825 F.2d at 305 (quoting *Brown & Williamson*, 701 F.2d at 1179), it will rarely be appropriate to file an entire document under seal. However, the temporary and limited nature of any seal significantly mitigates any harm to the public. For this reason, the Court finds that this case supports the temporary sealing of the motions and related briefs.

The Court adopts the sealing plan outlined in the Special Master's Report and Recommendation and will allow parties to file their briefs under seal provisionally, for a period of ten (10) calendar days. Unless a redacted version is filed in its place, the Court will automatically lift the seal after the tenth calendar day.

CONCLUSION

For these reasons, the Court **ADOPTS** the Special Master's recommendation to allow parties to file their motion and related briefs under seal provisionally, for ten (10) calendar days from the deadline on the operative schedule. Pursuant to Local

4

Rule 5.2 and this Order, the Court **ORDERS** the parties to file the briefs outlined in the Report and Recommendation under seal.

    **SO ORDERED.**

Dated: May 1, 2024

                              J. Philip Calabrese
                              United States District Judge
                              Northern District of Ohio