## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN CONSOLIDATED INDUSTRIES, INC., *et al.*, | ) ) ) | Case No. 1:19-cv-137 |
| Plaintiffs, | ) ) | Judge J. Philip Calabrese |
| v. | ) ) | |
| CHAD BLASINGIM, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| MONARCH STEEL COMPANY, INC., | ) ) ) | Case No. 5:17-cv-2253 |
| Plaintiff, | ) ) | Judge J. Philip Calabrese |
| v. | ) ) | |
| JAMES MCCRACKEN, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

Plaintiffs jointly move for sanctions against Defendants Chad Blasingim and Jon Campbell.  The Special Master recommends granting Plaintiffs' motion in part and denying it in part.  No party objected within the deadline for doing so.  Upon review of the Special Master's recommendation and the record as a whole, the Court finds that the recommended sanctions are appropriate.  Therefore, the Court **ADOPTS** the Special Master's Report and Recommendation, **GRANTS** Plaintiffs' motion in part and **DENIES** it in part, and **DIRECTS** the Special Master to allocate fees and costs accordingly.

## FACTUAL AND PROCEDURAL BACKGROUND

This trade-secret dispute arose when former employees of Plaintiff Monarch Steel left the company, allegedly taking trade secrets to Liberty Steel, a competitor. But the merits of the suit have taken a back seat during most of the litigation, which instead has focused Defendants' discovery conduct. The facts are laid out in detail in the Court's previous ruling dated December 15, 2022. (*Blasingim* ECF No. 211; *McCracken* ECF No. 94). After litigating these issues, the Court imposed sanctions on Liberty Steel. The Court left to future proceedings whether the two individual defendants also committed discovery violations. (*Blasingim* ECF No. 211, PageID #10524; *McCracken* ECF No. 94, PageID #4377.) That is the subject of the Special Master's report and recommendation, and this Order.

Previously, the Court imposed sanctions on Liberty Steel that included reopening discovery for Plaintiffs, allocating fees and costs attributable to their misconduct, and giving a jury instruction establishing that Liberty Steel possessed Monarch Steel's protected property and information at relevant times and informing the jury that Liberty Steel was unable to comply with its discovery obligations, using the Grasso cell phone and Mr. Blasingim's related production of documents as examples. (*Blasingim* ECF No. 211, PageID #10555–58; *McCracken* ECF No. 94, PageID #4408–11).

Recognizing that Plaintiffs seek sanctions on all three Defendants, but that the individual Defendants had an insufficient opportunity to litigate the issue, the Court declined to impose sanctions on Mr. Campbell and Mr. Blasingim at the time of its ruling in 2022. Instead, the Court authorized Plaintiffs to file a subsequent motion

for discovery sanctions against the individual Defendants, Chad Blasingim and Jon Campbell. (*Blasingim* ECF No. 211, PageID #10524 & 10556; *McCracken* ECF No. 94, PageID #4377 & 4409.) Plaintiffs filed a joint motion for sanctions in January 2024, which the Special Master included as an exhibit to his report and recommendation, along with the opposition and reply briefs. (*Blasingim* ECF No. 262-1; ECF No. 262-2; ECF No. 262-3; ECF No. 262-4; *McCracken* ECF No. 130-1, ECF No. 130-2, ECF No. 130-3, ECF No. 130-4.) On April 16, 2024, after considering the parties' positions, the Special Master recommended sanctions against Defendant Chad Blasingim and Defendant Jon Campbell. (*Blasingim* ECF No. 262; *McCracken* ECF No. 130.)

## LEGAL STANDARD

Rule 53 permits a court acting on the Special Master's report and recommendation to "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). In this respect, the ultimate decision rests with the Court and must be its own. *See Quantum Sail Design Grp. LLC v. Jannie Reuvers Sails, Ltd.*, 827 F. App'x 485, 491 (6th Cir. 2020).

Consistent with Rule 53(f)(2), the appointing order requires parties to object within 21 calendar days of the date a report and recommendation is filed. (ECF No. 240, PageID #10706.) Failure to object by the deadline "results in permanent waiver of any objection." (*Id.*) This time expired, and no party objected to any portion of the Special Master's report and recommendation.

## ANALYSIS

In the consolidated motion for sanctions against Mr. Blasingim and Mr. Campbell, Plaintiffs recite the discovery failures of each, which they characterize as failures to investigate and to conduct reasonable inquiries about the sources of data, false deposition testimony and interrogatory responses, and failures generally to discharge their discovery obligations (*Blasingim* ECF No. 262-1, PageID #10915–27; *McCracken* ECF No. 130-1, PageID #4694–4706.)  As a consequence of those violations and the protracted litigation they caused, Plaintiffs argue that default is an appropriate sanction.  (*Blasingim* ECF No. 262-1, PageID #10928–29; *McCracken* ECF No. 130-1, PageID #4707–08.)  In addition, Plaintiffs request a jury instruction, and an award of fees and expenses.  (*Blasingim* ECF No. 262-1, PageID #10932; *McCracken* ECF No. 130-1, PageID #4711.)

Defendants do not dispute the conduct or events that took place.  (*Blasingim* ECF No. 262-2, PageID #11295; ECF No. 262-3, PageID #11537–41; *McCracken* ECF No. 130-2, PageID #5074; ECF No. 130-3, PageID #5316–20.)  Instead, they dispute whether blame rests with them for the discovery violations.  (*Blasingim* ECF No. 262-2, PageID #11302–04; ECF No. 262-3, PageID #11546–48; *McCracken* ECF No. 130-2, PageID #5081–83; ECF No. 130-3, PageID #5325–27.)  Both individual Defendants admit that production failures occurred, but they assert that they corrected the deficiencies as soon as they learned of them, fulfilling their obligations under Rule 26(e).  (*Blasingim* ECF No. 262-2, PageID #11302–03; ECF No. 262-3, PageID #11546; *McCracken* ECF No. 130-2, PageID #5081–82; ECF No. 130-3, PageID #5325.)  Mr. Campbell notes that he was represented by different counsel

when the actual violations, including failing to produce his cell phone, occurred. (*Blasingim* ECF No. 262-3, PageID #11539; *McCracken* ECF No. 130-3, PageID #5318.)  And both parties deny any bad faith in their failures.  (*Blasingim* ECF No. 262-2, PageID #11305; ECF No. 262-3, PageID #11549; *McCracken* ECF No. 130-2, PageID #5084; ECF No. 130-3, PageID #5328.)

## I.     The Special Master's Report and Recommendation

On April 16, 2024, the Special Master recommended granting Plaintiffs' motion in part and denying it in part.  He recommends sanctions against Defendant Chad Blasingim and Defendant Jon Campbell, but stopped short of default.  (*Blasingim*, ECF No. 262; *McCracken*, ECF No. 130.)  The Special Master's report finds that, while Liberty Steel was to blame for some of the discovery misconduct, for which it was sanctioned under the Court's previous Order (*Blasingim*, ECF No. 211, *McCracken*, ECF No. 94), the individual Defendants also share responsibility for what occurred. The Special Master concluded that the individual Defendants' discovery failures are better characterized as "careless" mistakes rather than intentional conduct. (*Blasingim* ECF No. 262, ¶ 19, PageID #10894; *McCracken* ECF No. 130, ¶ 19, PageID #4673.)  Nonetheless, the Special Master determined that these failures were not substantially justified or harmless,and were inconsistent with their discovery obligations under Rule 26(g)(3) and 26(e).  (*Blasingim* ECF No. 262, ¶ 24, PageID #10896; *McCracken* ECF No. 130, ¶ 24, PageID #4675.)

As the Special Master recommends, the Court finds that the record supports attributing some culpability to the individual Defendants.  Their failures reasonably to inquire or to locate responsive records, and their false assertions that certain

records did not exist—even if made negligently and in good faith—are appropriate bases for sanctions.

## II.    Appropriate Sanctions

The Special Master recommends two sanctions.  First, he recommends an instruction informing the jury of the individual Defendants' failures to comply with discovery obligations, using the production of their cell phone data as examples, and instruct the jury to give the facts whatever weight they so choose.  (*Blasingim* ECF No. 262, PageID #10906; *McCracken* ECF No. 130, PageID #4685.)  Second, the Special Master recommends imposing reasonable attorneys' fees and expenses on the individual Defendants.  Because this sanction overlaps with the sanctions previously awarded to Liberty Steel, he recommends limiting the reasonable fees and costs to those of Plaintiffs and of the Special Master that are associated with Plaintiffs' consolidated motion for sanctions.  (*Blasingim* ECF No. 262, PageID #10906–07; *McCracken* ECF No. 130, PageID #4685–86.)  The Special Master also recommends splitting costs evenly between Mr. Blasingim and Mr. Campbell.  (*Id.*)

The Court agrees that these sanctions fit the culpability of the individual Defendants and imposes the sanctions as recommended.  In so finding, the Court agrees with the factual and legal bases for the Special Master's recommendation.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the recommendations of the Special Master, **GRANTS** in part Plaintiffs' joint motion for sanctions, and **DENIES** in part Plaintiff's joint motion.

**SO ORDERED.**

6

Dated:  May 24, 2024

_____
      J. Philip Calabrese
      United States District Judge
      Northern District of Ohio