## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN CONSOLIDATED INDUSTRIES, INC., *et al.*, | ) ) ) | Case No. 1:19-cv-137 |
| Plaintiffs, | ) ) | Judge J. Philip Calabrese |
| v. | ) ) | Magistrate Judge Thomas M. Parker |
| CHAD BLASINGIM, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |
| MONARCH STEEL COMPANY, INC., | ) ) ) | Case No. 5:17-cv-2253 |
| Plaintiff, | ) ) | Judge J. Philip Calabrese |
| v. | ) ) | |
| JAMES MCCRACKEN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

The Court Ordered the Special Master to file his report and recommendation under seal regarding Defendants' motion for summary, so the parties could review and jointly submit proposed redactions. (*Blasingim*, ECF No. 329; *McCracken*, ECF No. 158.) On September 30, 2025, the Special Master filed that report and recommendation under seal. (*Blasingim*, ECF No. 330; *McCracken*, ECF No. 159.) On October 17, 2025, the parties submitted their proposed redactions to the Special Master. On October 20, 2025, the Special Master recommended that the Court accept Plaintiffs' proposed redactions to the Special Master's report and recommendation

regarding Defendants' motion for summary judgment (ECF No. 333) and filed the proposed redactions under seal.  (ECF No. 334-1.)

For the following reasons, the Court **ADOPTS** the Special Master's report and recommendation (ECF No. 333) and **ORDERS** the Special Master to file on the docket, available to the public, the redacted version of the report and recommendation.  (ECF No. 334-1.)

## LEGAL STANDARD

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Federal Home Loan Mortg. Co.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)).  But in the sealing context, "the district court's decision is not accorded the deference that standard normally brings." *Id.*  To avoid abusing its discretion, the Sixth Circuit requires a district court faced with a motion to seal to "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

The Court bears an independent obligation to explain the basis for sealing court records, and that obligation exists regardless of any agreement or disagreement among the parties about sealing the records.  *See Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016).  Taking up this independent obligation, district courts must weigh the interest of the parties, on the one hand, to keep information confidential, and on the other, the public's strong interest in

"obtaining the information contained in the court record." *Shane Grp.*, 825 F.3d at 305 (citation and quotation omitted).

"The courts have long recognized . . . 'a strong presumption in favor of openness' to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 701 F.2d at 1179). Overcoming this presumption is "a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The greater the public interest, the greater the burden to justify sealing. *See id.*

To demonstrate a seal is necessary, the party seeking confidentiality must provide a "compelling reason why certain documents or portions thereof should be sealed." *Id.* at 305 (citation and quotation omitted). Further, the "seal itself must be narrowly tailored to serve that reason." *Id.* at 305. Accordingly, the movant must "analyze, in detail, document by document, the propriety of secrecy, providing reasons and legal citations" that support sealing. *Id.* at 305–06 (citation and quotation omitted). It is then incumbent on the Court to review each document and the legal rationales the parties offer, and "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). In civil litigation, the most common categories of information that overcome this presumption include "trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by

3

statute to remain in confidence (such as the name of a minor victim of a sexual assault)."  *Id.* at 308.

## ANALYSIS

Plaintiffs request that the Court redact from Defendants' motion for summary judgment references to "customer names, contract terms, bids, and pricing formulas" (*Blasingim,* ECF No. 281; ECF No. 283, PageID #14858) and evidentiary materials related to Plaintiffs' purported trade secrets.  (*Blasingim*, ECF No. 288 (R&R); ECF No. 296.)  Defendants disagree that Plaintiffs proposed redactions are warranted or consistent with the Court's prior orders permitting limited redactions but defer to the Court's and Special Master's determinations regarding the appropriate scope of redactions.  (ECF No. 334; ECF No. 333, PageID #15924.)

After his review, the Special Master determined that the proposed redactions "contain sensitive information about the parties' customers which if made public, would put the parties at a competitive disadvantage."  (ECF No. 333, PageID #15924.) Additionally, the Special Master determined that "the public has little, if any interest in the information about these nonparties, and disclosure could put Monarch Steel or Liberty Steel at a competitive disadvantage."  (*Id*.)

After its own review, the Court confirmed that the proposed redactions are of customer names, contract terms, bids, and pricing formulas that, if made public, would put the parties at a competitive disadvantage.  This is the kind of information that is typically redacted.  *See Davis v. Geico Cas. Co.*, No. 2:19-CV-2477, 2021 WL 3883915, at *2 (S.D. Ohio Aug. 31, 2021); *Lucid Health, Inc. v. Premier Imaging*

4

*Ventures, LLC*, No. 2:20-CV-1055, 2021 WL 128956, at *2 (S.D. Ohio Jan. 14, 2021); *NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 WL 5349793, at *2 (S.D. Ohio Sept. 23, 2016); *London Comput. Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019). Given the nature of Plaintiffs' interest, the merits of redacting the report and recommendation outweigh the public's interest, if any, in making public this sensitive and private business information. Therefore, the Court adopts the Special Master's report and recommendation to accept Plaintiffs' proposed redactions to the Special Master's report and recommendation regarding Defendants' motion for summary judgment.

## CONCLUSION

For these reasons, the Court **ADOPTS** the Special Master's report and recommendation (ECF No. 333) and **ORDERS** the Special Master to file on the docket, available to the public, the redacted version of the report and recommendation. (ECF No. 334-1.)

**SO ORDERED.**

Dated: November 13, 2025

_____
      J. Philip Calabrese
      United States District Judge
      Northern District of Ohio